SAMUEL F. HILL *vs.* JAMES WRIGHT.

Essex. Nov. 7, 1879.— Sept. 13, 1880. COLT & AMES, JJ., absent.

The St. of 1862, c. 198, making the husband of a married woman, who does business on her separate account, liable on her contracts, if no certificate is filed as therein required, does not apply to a husband domiciled in another State, whose wife does business on her separate account in this Commonwealth.

CONTRACT for goods sold and delivered to the defendant's wife. The case was referred to an auditor, who found the following facts:

The defendant's wife commenced the business of keeping a boarding-house in Lawrence on September 29, 1871, and continued in that business until October 8, 1872, on her own separate account, with the knowledge of her husband, who knew she was trading on credit with the plaintiff. The goods bought of

the plaintiff were sometimes ordered by the defendant's wife, and sometimes by her son and daughter, who lived with and assisted her in the business; and the goods so ordered were charged on a pass-book to the defendant's wife. On October 8, 1872, she sold out the business to her daughter, who, some time in 1873, sold the business to her brother, without any written bill of sale; and he, on April 4, 1877, conveyed back the business to his said sister. The defendant's wife remained at the house where the business was carried on about half the time from October 8, 1872, to May 26, 1877, spending the rest of the time with her husband in the State of Maine, where he resided.

The plaintiff contended that these conveyances from Mrs. Wright to the daughter, from the daughter to the son, and from the son back to the daughter again, were only colorable and intended as a fraud upon creditors; but the auditor did not so find.

The plaintiff was not notified of the change, and continued to deliver and charge goods to the defendant's wife under such circumstances as to make her liable up to May 26, 1877.

The defendant never has been a resident of this Commonwealth, but during the whole time covered by these transactions was a resident of the State of Maine, although he made frequent visits to Lawrence; and he was not in fact carrying on the business himself. No certificate was filed by the defendant or his wife under the St. of 1862, *c.* 198.

Upon these facts, the auditor ruled that the plaintiff could not maintain his action.

The case was submitted to the Superior Court upon the findings of the auditor; and *Bacon*, J. ruled, as matter of law, that the action could not be maintained, and ordered judgment for the defendant. The plaintiff alleged exceptions.

*J. C. Sanborn*, for the plaintiff.

*J. Cleaveland*, for the defendant.

LORD, J. In deciding this case, we are to assume all the facts to be found necessary to show that this defendant, during all the time while his wife was doing business in this Commonwealth, was domiciled within the State of Maine; and that the wife came from another State, without her husband, he never

having lived with her in this State, and that there was no fraud or collusion between the husband and wife in reference to the transaction of the business here. Although, upon a careful scrutiny of the auditor's report, we may find evidence tending to show a different state of facts, and might hesitate to come to the same conclusion; yet we are bound to assume as true all the conclusions of fact found by the auditor, and all inferences of fact which the presiding judge was authorized to draw from such findings, and we cannot say, as matter of law, that he drew any wrong conclusion.

It is quite clear, upon an examination of the St. of 1862, c. 198, that its primary purpose, at all events, was to define the rights and duties of husbands and wives living together in this Commonwealth, the wife doing business upon her separate account, and that it has no application to a husband who is domiciled in another State, and whose wife comes into this State and trades upon her own account. It is to be understood, from the finding of the auditor, that the husband, notwithstanding his visits to this State, the purpose and objects of which are not disclosed, was during the whole time in good faith resident of and domiciled in another State. The nature of the business of the wife was not such that in his absence it might be presumed to be his business, and it is affirmatively found that it was not his business. It was not, therefore, a debt contracted by the wife which at the common law he would be obliged to pay. It was neither necessaries nor apparel nor ornament according to her degree and station in life, nor does it appear that he had ever refused to supply her with whatever was suited to her rank and condition in life.

Statutes concerning the liability of husbands upon the contracts of their wives will not be construed as extending to husbands in good faith domiciled without the State, though their wives may come into the State and subject themselves to the duties and liabilities imposed by law, unless it is clearly apparent by the words of the statute that it was intended to apply to such husbands; and if such intention is clearly manifested by the statute, it must be determined by the particular circumstances of each case, as it arises, whether the statute can operate so far extraterritorially as to bind one not residing within the

limits of this State, and who has never authorized or ratified the dealings in relation to which he is sought to be charged.

In this case, there being nothing to show that the statute was intended to create a liability in a husband not domiciled within the State, the ruling of the court below that the statute did not apply was correct. *Exceptions overruled.*